United States District Court
Southern District of Texas
**ENTERED**
June 14, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE RICARDO RAMOS, § <br> TDCJ #2293406, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § CIVIL ACTION NO. H-22-2242 <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal § <br> Justice - Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Jose Ricardo Ramos (TDCJ #2293406) has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) and a Memorandum of Law in Support of Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket Entry No. 2), challenging an aggravated robbery conviction from Harris County, Texas. Now pending is "Respondent [Bobby] Lumpkin's Motion for Summary Judgment with Brief in Support" ("Respondent's MSJ") (Docket Entry No. 12), which argues that the Petition is barred by the governing statute of limitations and is without merit. Ramos has not filed a response, and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

I.  **Background**

Ramos is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a judgment of conviction that was entered against him by the 339th District Court for Harris County in Cause No. 1477310.[1] A grand jury returned an indictment against Ramos, charging him with aggravated robbery with a deadly weapon — a firearm.[2] The indictment was enhanced for purposes of punishment with allegations that Ramos had a prior felony conviction from Tarrant County for aggravated assault in 2009.[3]

A jury found Ramos guilty of aggravated robbery as charged in the indictment.[4] At the conclusion of the punishment proceeding the jury found that the enhancement allegation in the indictment was "true" and assessed punishment at 30 years' imprisonment.[5]

On direct appeal Ramos argued that the trial court erred by admitting evidence during the guilt/innocence phase of the

---

[1] Petition, Docket Entry No. 1, p. 2; Judgment of Conviction by Jury, Docket Entry No. 13-8, pp. 123-24. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Indictment, Docket Entry No. 13-8, p. 10.

[3] Id.; see also State's Motion for Leave to Amend the Indictment, Docket Entry No. 13-8, p. 61; and Order, Docket Entry No. 13-8, p. 64 (granting leave to amend).

[4] Verdict on Guilt/Innocence, Docket Entry No. 13-8, p. 112.

[5] Verdict on Punishment, Docket Entry No. 13-8, p. 119; Reporter's Record-Vol. 6, Punishment, Docket Entry No. 13-6, p. 56 lines 23-25, p. 57 lines 1-4.

proceeding about his failure to appear for court during the pendency of his case.[6] The intermediate court of appeals rejected that argument and affirmed the conviction. See Ramos v. State, No. 01-19-00928-CR (Tex. App. — Houston [1st Dist.] Aug. 25, 2020).[7] The Texas Court of Criminal Appeals refused Ramos's petition for discretionary review on October 21, 2020.[8]

Ramos then challenged his conviction by filing an Application for a Writ of Habeas Corpus Seeking Relief From [a] Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("State Habeas Application").[9] He raised one claim in his State Habeas Application, which was dated May 24, 2021, and received by the Harris County District Clerk's Office on June 25, 2021.[10] He argued that his appellate counsel was ineffective for failing to challenge the admission of State's Exhibit 48 during the punishment phase of the trial, which was offered by the prosecutor as proof of the prior felony conviction for aggravated assault that was alleged in the indictment as a sentencing enhancement.[11] Noting that court documents in State's Exhibit 48 reference a defendant named

---

[6]Appellant's Brief, Docket Entry No. 13-10, p. 7.

[7]Memorandum Opinion, Docket Entry No. 13-11, pp. 20-21.

[8]Postcard from Clerk Deana Williamson, Court of Criminal Appeals of Texas, Docket Entry No. 13-15.

[9]State Habeas Application, Docket Entry No. 13-19, pp. 5-20.

[10]Id. at 5, 20.

[11]Id. at 10-11 (referencing State's Exhibit 48).

-3-

"Pacheco, Jose Orlando," Ramos argued that the documents should not have been admitted without fingerprint evidence confirming that he was the same individual who was convicted of aggravated assault as alleged in the indictment.[12] Therefore, he argued that his sentence was improperly enhanced without adequate proof.[13]

The record shows that State's Exhibit 48 was a penitentiary packet from the TDCJ Classification and Records department, which included a state court Judgment Adjudicating Guilt, photographs of the defendant, and fingerprints showing that "Jose Orlando Pacheco" was convicted of aggravated assault in Tarrant County and sentenced to prison in 2009.[14] Defense counsel objected that there was insufficient proof showing that the evidence related to Ramos.[15] When the trial court asked the prosecutor if he intended to call a fingerprint expert to confirm Ramos's identity as the defendant in the Tarrant County case, the prosecutor explained that a fingerprint expert was not necessary because Ramos was shown State's Exhibit 48 during the guilt/innocence phase of the trial, and he identified himself as the person shown in those records as having a prior conviction for aggravated assault from

---

[12] Id. at 11.

[13] Id.

[14] Reporter's Record—Vol. 7, Exhibits, Docket Entry No. 13-7, pp. 63-67.

[15] Reporter's Record—Vol. 6, Punishment, Docket Entry No. 13-6, p. 6 lines 12-16, p. 7 line 5.

Tarrant County in 2009.[16]  The record also reflects that Ramos's mother, who testified on his behalf during the punishment phase, was shown State's Exhibit 48 and conceded that her son had a prior conviction for aggravated assault from Tarrant County in 2009.[17] She explained that her son had previously used the name "Jose Pacheco" because that was the surname of his biological father.[18]

The state habeas corpus judge found that Ramos failed to show that State's Exhibit 48 was improperly admitted as proof in support of the enhancement allegation in the indictment, concluding further that Ramos failed to show that the result of his appeal would have been different if appellate counsel had raised this issue or that his counsel was deficient.[19]  The Texas Court of Criminal Appeals agreed and denied Ramos's State Habeas Application on September 29, 2021, without a written order on the trial court's findings and its own independent review of the record.[20]

Ramos now seeks relief from his conviction and sentence under 28 U.S.C. § 2254 in a federal habeas Petition that is dated

---

[16]Id. at 6 lines 17-25, 7 lines 9-11; see also Reporter's Record—Vol. 5, Trial on the Merits, Docket Entry No. 13-5, p. 152 lines 12-25.

[17]Reporter's Record—Vol. 6, Punishment, Docket Entry No. 13-6, p. 31 lines 7-25, p. 32 lines 1-2.

[18]Id. at 32 lines 18-24, 33 lines 8-12, 34 lines 7-10.

[19]See State's Proposed Findings of Fact, Conclusions of Law and Order ("State Court Findings and Conclusions"), Docket Entry No. 13-19, pp. 334-35.

[20]Action Taken on Application No. 93,074-01, Docket Entry No. 13-18.

June 24, 2022.[21] Ramos raises the same ineffective-assistance claim against his appellate counsel that was rejected on state habeas corpus review.[22] The respondent argues that the Petition must be dismissed because it is untimely and barred by the governing one-year statute of limitations on federal habeas corpus review.[23] Alternatively, the respondent argues that Ramos's claim for relief lacks merit.[24]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the Petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

---

[21]Petition, Docket Entry No. 1, p. 10.

[22]Id. at 6.

[23]Respondent's MSJ, Docket Entry No. 12, pp. 4-9.

[24]Id. at 9-19.

>    Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because Ramos did not seek a writ of certiorari in the United States Supreme Court after the Texas Court of Criminal Appeals refused his petition for discretionary review on October 21, 2020, his limitations period began to run pursuant to § 2244(d)(1)(A) — ninety days later on January 19, 2021, when his time to pursue a writ of certiorari expired. See Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (observing that a state conviction is typically considered "final 'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied'") (quoting Caspari v. Bohlen, 114 S. Ct. 948, 953 (1994)). That date triggered the statute of limitations, which expired one year later on January 19, 2022. The federal Petition that Ramos executed on June 24, 2022, is late by at least five months and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

**B.  Statutory Tolling Will Not Save Ramos's Untimely Petition**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other

collateral review" is pending shall not count toward the limitations period on federal habeas review. As noted above, Ramos executed a State Habeas Application on May 24, 2021,[25] which the Texas Court of Criminal Appeals denied on September 29, 2021.[26] The respondent argues that this proceeding, which was pending for 128 days, extended the deadline to seek federal habeas review from January 19, 2022, until May 27, 2022, which is not enough time to make the federal Petition that Ramos filed on June 24, 2022, timely.[27]

Ramos has not proposed any other basis for statutory tolling of the limitations period, and the record does not disclose any. Accordingly, statutory tolling will not save his untimely federal Petition, which must be dismissed unless an equitable basis exists to extend the statute of limitations on federal habeas review.

C. **Equitable Tolling is Not Warranted**

Equitable tolling is available at the court's discretion "'only in rare and exceptional circumstances.'" Jackson v. Davis, 933 F.3d 408, 410 (5th Cir. 2019. "The petitioner bears the burden of establishing that equitable tolling is warranted." Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam). To meet this burden, a petitioner must demonstrate (1) that he pursued

---

[25] State Habeas Application, Docket Entry No. 13-19, p. 20.

[26] Action Taken on Application No. 93,074-01, Docket Entry No. 13-18.

[27] Respondent's MSJ, Docket Entry No. 12, p. 7.

federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

Ramos has not filed a response to Respondent's MSJ, and he has made no other effort to explain his lack of diligence in seeking federal habeas review. Although Ramos represents himself, it is settled that a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The court is mindful of the effect a dismissal will have on the petitioner's ability to have his claim heard by a federal court, but the record does not disclose exceptional circumstances that would warrant equitable tolling. See Felder, 204 F.3d at 173. Because Ramos fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

D. **The Claim is Without Merit**

Ramos's sole claim is that he was denied effective assistance of counsel on appeal because his attorney failed to challenge the

admission of State's Exhibit 48, which was admitted as evidence of the prior conviction alleged in the indictment as a sentencing enhancement.[28] His claim that he was denied effective assistance of counsel on appeal was considered and rejected on state habeas corpus review.[29] The respondent argues that this claim lacks merit under the federal habeas corpus standard of review.[30]

Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Likewise, if a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Ramos argues that his counsel was ineffective for failing to raise an issue on appeal regarding the admissibility of State's Exhibit 48.[31] Claims for ineffective assistance of counsel are governed by the standard announced in <u>Strickland v. Washington</u>, 104

---

[28]Petition, Docket Entry No. 1, p. 6.

[29]<u>See</u> State Court Findings and Conclusions, Docket Entry No. 13-19, pp. 334-35.

[30]<u>See</u> Respondent's MSJ, Docket Entry No. 12, pp. 9-19.

[31]Petition, Docket Entry No. 1, p. 6.

S. Ct. 2052 (1984). To prevail under the <u>Strickland</u> standard a criminal defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. <u>Id.</u> at 2064. To establish that counsel's performance was deficient in the context of an appeal, the petitioner must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. <u>Smith v. Robbins,</u> 120 S. Ct. 746, 764 (2000). If the petitioner succeeds in such a showing, he must then establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." <u>Id.</u>

The state habeas corpus court found State's Exhibit 48, which was the penitentiary packet for Jose Orlando Pacheco, was properly admitted during the punishment phase of the trial after Ramos identified himself as the person depicted in the photographs contained within that exhibit.[32] This finding is supported by the record.[33] The state habeas corpus court found that Ramos failed to show that State's Exhibit 48 was admitted in error or that the result of his appeal would have been different if his appellate

---

[32] <u>See</u> State Court Findings and Conclusions, Docket Entry No. 13-19, p. 334.

[33] <u>See</u> Reporter's Record—Vol. 5, Trial on the Merits, Docket Entry No. 13-5, p. 152 lines 12-25.

counsel had raised this issue.[34] As a result, the state habeas corpus court concluded that Ramos failed to show that his appellate counsel was ineffective.[35]

Ramos makes no effort to rebut any of the state court's fact findings, which are presumed correct in the absence of clear and convincing evidence to the contrary under 28 U.S.C. § 2254(e)(1). He further fails to show that State's Exhibit 48 was admitted improperly or that his appellate counsel had, but failed to make, a meritorious argument on appeal. Because Ramos fails to demonstrate that the state court's adjudication was unreasonable, he is not entitled to relief. For this additional reason, the Respondent's MSJ will be granted.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[34] See State Court Findings and Conclusions, Docket Entry No. 13-19, p. 334.

[35] See id. at 335.

wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because the petitioner does not demonstrate that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent [Bobby] Lumpkin's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 filed by Jose Ricardo Ramos (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 14th day of June, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE